O

CASE CLOSED

# United States District Court
# Central District of California

| | |
|---|---|
| HUTCHINSON AEROSPACE & INDUSTRY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ERIE MILL & PRESS CO., <br><br> Defendants. | Case No. 16-CV-01676-ODW-AFM <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [15]** |

## I. INTRODUCTION

Plaintiff Hutchinson Aerospace & Industry, Inc. ("Hutchinson") entered into an agreement to purchase a hydraulic compression molding press ("Hydraulic Press") from Defendant Erie Mill & Press Co. ("Erie"). Hutchinson tendered the full progress payments to Erie, thereby fulfilling its initial contractual obligations; however, Erie failed to deliver the Hydraulic Press. Plaintiff filed this action to recover the cost of the progress payments made. Erie failed to respond in this action and Hutchinson now moves for default judgment. For the reasons discussed below, the Court **GRANTS** Hutchinsons' Motion. (ECF No. 15.)[1]

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Hutchinson manufactures and supplies equipment for shock attenuation and vibration. (Acker Decl. ¶ 2., ECF No. 15-2.) One of the pieces of equipment used to manufacture such equipment is a Hydraulic Press, which is manufactured by Erie. (*Id.*) On November 22, 2013, Hutchinson's engineering manager contacted Erie to inquire as to the production and acquisition of a Hydraulic Press. (*Id.* ¶ 3.) On February 17, 2014, Hutchinson issued a purchase order to Erie for one Hydraulic Press. (*Id.*¶ 5.) The parties agreed that Hutchinson would make partial progress payments to Erie and that the Hydraulic Press would be delivered by Erie during the week of July 1, 2014. (*Id.* ¶¶ 5–7.) The payments made by Hutchinson totaled $85,887.50. (*Id.* ¶ 5.) To this day, Erie has failed to deliver the Hydraulic Press. (*Id.* ¶ 9.)

On March 11, 2016, Hutchinson filed this action to recover the cost of the progress payments. (ECF No. 1.) John Nowak, the President and CEO of Erie was served with the Complaint via certified mail on March 24, 2016. (Turner Decl. ¶ 3, ECF No. 15-3.) On April 27, 2016 Hutchinson requested an Entry of Default against Erie. The Clerk entered Default on April 28, 2014. (ECF Nos. 11, 13.) Hutchinson moved for an Entry of Default Judgment on June 13, 2016. That motion is now before the Court for consideration.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment after the Clerk enters a default under Rule 55(a). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors (the "*Eitel*

Factors"), including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Procedural Requirements

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party the default was entered; (2) identification of the pleading to which the default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice if required. *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Hutchinson has satisfied these requirements. Hutchinson's counsel submitted a declaration establishing that: (1) an entry of Default was entered by the Clerk against Erie on April 28, 2016 (Turner Decl. ¶ 7) and (2) Erie is not a minor, incompetent person, or active service member. (*Id.* ¶ 9.) Hutchinson is not required to serve Erie with notice because Erie has not yet appeared in the action. Fed. R. Civ. P. 55(b)(2). Lastly, Hutchinson has complied with Federal Rule of Civil Procedure 54(c) by requesting a remedy not different in kind from that prayed for in the Complaint. (Mot. for Default J., 8.) Hutchinson has thus complied with the procedural prerequisites for an entry of a default judgment.

### B. *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of entering a default judgment. The Court will discuss each factor in turn.

### 1. Hutchinson Would Suffer Prejudice

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors entering a default judgment because Erie failed to appear or offer a defense in this case; therefore the only way Hutchinson can obtain relief is through a default judgment.

### 2. Hutchinson Brought a Meritorious Claim and Hutchinson's Complaint Was Sufficiently Pleaded

The second and third factors, the merits of the plaintiff's substantive claim and sufficiency of the Complaint, also support entry of a default judgment. These factors require a plaintiff to "state a claim upon which they may recover." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Here, the Court finds Hutchinson has sufficiently plead a meritorious claim. In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Taking the allegations in Hutchinson's complaint as true, the two parties entered into a contract on March 6, 2014, when Erie sent Hutchinson written confirmation accepting the purchase order for the Hydraulic Press. (Acker Decl. ¶ 6.) Hutchinson performed its obligations under the contract by making the progress payments required for delivery. (Acker Decl. ¶ 8.) Erie failed to deliver the Hydraulic Press during the week of July 1, 2014, as promised. (Acker Decl. ¶ 9.) Hutchinson is now seeking to recover the progress payments paid to Erie for the Hydraulic Press. (*Id.*) Thus, Hutchinson has pled the *prima facie* case for breach of contract and the Court finds these factors weigh in favor of default judgment.

### 3. The Amount at Stake Weighs in Favor of Default Judgment

The fourth factor balances the sum of money at stake "in relation to the

seriousness of the action." *Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc.*, No. C 11–0961–CW, 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011) (internal citations and quotations omitted). The amount at stake must not be disproportionate to the harm alleged. *Id.* Default judgments are disfavored where the sum of money at stake is too large or unreasonable in relation to a defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Because Hutchinson is requesting damages in the exact amount that it paid to Erie for the manufacture of a Hydraulic Press that was never delivered, the Court finds the requested damages are reasonable and proportionate to the harm. Thus, the Court finds this factor weighs in favor of default judgment.

### 4. There is Little Possibility of Dispute as to Material Facts

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177; *Eitel*, 782 F.2d at 1471–72; *See Auto. Indus. Pension Trust Fund v. Bi-City Paint & Body Co.*, No. C 12-01972 LB, 2012 WL 6799735, at *5 (N.D. Cal. Dec. 6, 2012) ("Given that the issues are easily ascertainable, the possibility for substantial fact disputes seems unlikely."). The general rule is that a defaulting party admits the facts alleged in the complaint to be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Here, the Court finds there is little possibility for a dispute of the material facts for two reasons. First, Hutchinson provided copies of the written acceptance of the purchase agreement, which clearly states that the Hydraulic Press would be delivered the week of July 1, 2014. (Acker Decl. Ex. C.) Second, Hutchinson provided receipts of the money paid to Erie, as required under the contract. (Acker Decl., Ex. D.) Thus, it appears that Erie cannot dispute the evidence that (1) there was a contract; (2) Hutchinson made the required payments under the contract; and (3) Erie was required to deliver the Hydraulic Press, but failed to do so. As such, the Court finds this factor weighs in favor of default judgment.

### 5. There is Little Possibility That Default was Due to Excusable Neglect

Erie's default does not appear to be a result of excusable neglect. There is little possibility of excusable neglect and default judgment is favored when the defendant fails to respond after being properly served. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Erie was properly served with the Complaint on March 24, 2016 via certified mail. (Turner Decl. ¶ 3.) Accordingly, the sixth *Eitel* factor favors entry of a default judgment.

### 6. Policy for Deciding on the Merits

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. However, where, as here, a defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Erie failed to respond to Hutchinson's Complaint, the Court finds that the seventh *Eitel* factor does not preclude entry of a default judgment.

### C. Amount of Hutchinson's Recovery

After determining liability, the Court must then calculate the amount of damages that should be awarded. *Wecosign*, 845 F. Supp. 2d at 1078. While the Court generally accepts as true the factual allegations of the complaint for the purpose of evaluating liability, the Court need not do so with respect to damages. *Id.*

Here, Hutchinson has requested damages in the amount that was paid to Erie under the contractually required progress payments—a sum total of $85,887.50. (Acker Decl. ¶ 5.) Given that these damages would restore Hutchinson to its condition before Erie's breach of contract, the Court concludes that these damages are reasonable. As such, the Court awards Hutchinson damages in the amount of $85,887.50.

///

///

///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Hutchinson's Application for Default Judgment. Upon entry of judgment, the Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 25, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**